IN THE MATTER OF: THE APPEAL OF K-MART CORPORATION FROM THE DENIALS OF ITS CLAIMS FOR EXEMPTION BY MECKLENBURG COUNTY FOR 1978, 1979, 1980, 1981, 1982, AND 1983

No. 8510PTC713

(Filed 18 March 1986)

1. **Taxation § 25.10— denial of exemption by county or municipal board—appeal to Property Tax Commission proper**

     There was no merit to appellee's contention that the Property Tax Commission had no jurisdiction to entertain appellant's appeal, since the plain intent of N.C.G.S. § 105-282.1(b), N.C.G.S. § 105-322, and N.C.G.S. § 105-324 is to permit a property owner, as a matter of right, to appeal to the Property Tax

Commission upon a county's or municipal board's denial of its application for an exemption.

**2. Taxation § 19.1— property in warehouse for shipment to stores—no exemption from taxation**

> The Property Tax Commission properly concluded that household appliances passing through appellant's warehouse were not exempted from taxation by N.C.G.S. § 105-275, since the appliances were not placed in a public warehouse for the purpose of transshipment to appellant's customers but were instead held for transshipment to appellant's stores.

APPEAL by K-Mart Corporation and Mecklenburg County from the decision of the North Carolina Property Tax Commission entered 7 February 1985. Heard in the Court of Appeals 4 December 1985.

Since 1978 larger household appliances sold by many K-Mart stores in the southeastern states have passed through a company warehouse in Mecklenburg County. Before 18 October 1983, none of those items were listed for taxes in Mecklenburg County and no exemption had been applied for or obtained. On that day the Tax Office of Mecklenburg County notified K-Mart that it intended to discover the value of the articles that were warehoused during 1983 and the preceding five years and to tax them. K-Mart then listed the articles warehoused during those years as being worth approximately $24 million, and applied for an exemption for the six years involved. Several special classes of property are exempted from taxation by G.S. 105-275, which provides that such property "shall not be listed, appraised, assessed, or taxed," and the class that K-Mart's warehoused merchandise belongs to, so it contends, was established by paragraph (10) of G.S. 105-275, as follows:

> (10) Personal property shipped into this State and placed in a public warehouse as intermediate consignee for the purpose of transshipment in its original form or package to the owner's customers either inside or outside the State. No portion of a premises owned or leased by a consignor or consignee, or a subsidiary of a consignor or consignee, shall be deemed to be a public warehouse within the meaning of this subdivision despite any licensing as such. The purpose of this classification is to encourage the development of the State of North Carolina as a distribution center.

The application for an exemption was denied by the Mecklenburg County Board of Equalization and Review, and upon appeal the Property Tax Commission, after finding facts to the following effect, reached the same result:

The warehoused items, referred to by K-Mart as Department 19 merchandise, are larger household appliances such as stoves, refrigerators, washers and dryers, microwave ovens, stereos and televisions. Most stores, because they do not have the space, neither inventory nor display these articles, though some larger stores do display them. Before 1980 the warehouse shipped such items directly to customer buyers; but after 1980 most of the items sold or ordered through the stores were shipped from the warehouse to the stores, which either delivered them to the customers or held them for the customers to pick up. The stores usually display and maintain small stocks of smaller, portable appliances and the warehouse replenishes these stocks as requested; and some stores keep small stocks of all Department 19 merchandise for sale to walk-in customers. When a customer orders a single item that comes to the warehouse in a carton containing more than one unit, the warehouse sends the whole package to the store, which keeps the surplus items for future sale. Orders sent to the warehouse usually identify only the store that is to receive the goods and usually do not identify the customer, if there is one. An item sent to an individual store is the property of that store until it is received by the customer.

From these and other facts so found the Commission concluded that K-Mart had failed to establish that the items were kept in the warehouse for transshipment to its customers, as the statute creating the exempted class provides.

*Lane & Helms, by H. Parks Helms, for appellant, cross-appellee K-Mart Corporation.*

*Hamlin L. Wade for appellee, cross-appellant Mecklenburg County.*

PHILLIPS, Judge.

[1] In the hearing before the Property Tax Commission, Mecklenburg County contended that the Commission had no jurisdiction to entertain K-Mart's appeal to it and cross-assigns as error

the Commission's ruling to the contrary. The basis for this contention is that G.S. 105-282.1(c) provides that when an owner "demonstrates that the property meets the conditions for exemption, the exemption *may* be approved by the board at that time." (Emphasis supplied.) This language, so the County argues, gave the Mecklenburg County Board of Equalization and Review the discretion, as it saw fit, to either grant or deny the application and K-Mart thus had no right to appeal therefrom. This contention is rejected. The plain intent and thrust of G.S. 105-282.1(b), G.S. 105-322, and G.S. 105-324, it seems to us, is to permit a property owner, as a matter of right, to appeal to the Property Tax Commission upon a county or municipal board denying its application for an exemption.

[2] By its sole assignment of error K-Mart contends that the Property Tax Commission's decision against it is based on findings of fact not supported by evidence and that in any event the law was not properly applied to them. This contention has no merit, in our view, and we overrule it. That the goods were warehoused for transshipment of some kind, as the evidence certainly established, is not dispositive of the case, as appellant apparently contends. For the issue is whether the evidence shows that the warehoused goods were held for transshipment to K-Mart's *customers*, as G.S. 105-275(10) provides. If so, they were within the exempted class; but if they were held for transshipment to K-Mart's *stores* they were outside the exempted class and therefore subject to taxation. The five findings of fact that K-Mart attacks are those to the effect that the warehoused goods were shipped to the stores either for sale or customer pickup. These findings clearly have evidentiary support and appellant does not really contend that they do not; rather, it is contended that based on the whole record different findings should have been made. We disagree. While the Commission properly found that some goods held in the warehouse were transshipped to K-Mart's customers, the record would not support a finding that all or even most of the goods were so transshipped to its customers or that the warehouse received the goods for that purpose, as the statute obviously requires. While K-Mart offered no evidence at all as to the amount or percentage of its goods that were transshipped to customers, witnesses on both sides testified that some merchandise was shipped to individual stores for special sales and other

purposes; that though the stores usually kept only smaller items, some kept larger items as well; that there was no policy requiring the warehouse to hold any items until they were sold to customers, and the stores were free to order and did order items that had not been first ordered by its customers. From our review of the whole record, we believe that the Commission made the findings that should have been made, and we will not disturb them.

K-Mart's further contention that the Commission erred in applying the law to the findings made is based on the legislative purpose stated in the statute which created the exemption: "The purpose of this classification is to encourage the development of the State of North Carolina as a distribution center." G.S. 105-275 (10). Though the purpose of the exemption is certainly to encourage merchandizers to establish distribution centers in this state, that neither enlarges the stated scope of the exemption nor dispenses with the necessity of the property owner proving that he is entitled to the exemption. While our Supreme Court said in *In re Appeal of Martin*, 286 N.C. 66, 209 S.E. 2d 766 (1974), mistakenly relied upon by the appellant, that the phrase "for the purpose of transshipment" must be construed in light of the stated legislative policy, and held that bills of lading for goods shipped into a public warehouse did not have to state that the goods were for transshipment or to bear the name of the ultimate consignee, the Court also recognized that the policy of the statute must be applied in light of the countervailing rule of construction that statutes providing exemption from taxation are strictly construed. "Taxation is the rule; exemption the exception," *Odd Fellows v. Swain*, 217 N.C. 632, 637, 9 S.E. 2d 365, 368 (1940), and one claiming an exemption has the burden of establishing that he is entitled to it. *Canteen Services v. Johnson, Comr. of Revenue*, 256 N.C. 155, 123 S.E. 2d 582, 91 A.L.R. 2d 1127 (1962). The Commission properly concluded that K-Mart failed to establish its right to the exemption. The import of the evidence is not that the goods were held in the warehouse for the "purpose of transshipment" to its "customers," as the statute provides; its import is that the warehoused goods were held for transshipment to K-Mart stores, as and when the stores requested, a situation that the General Assembly has not yet seen fit to exempt from taxation.

Affirmed.

Judges WHICHARD and JOHNSON concur.